UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE

| | | |
|---|---|---|
| KEESHA COOPER, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:10-cv-924** |
| METROPOLITAN LIFE INSURANCE COMPANY, and | § § § § | |
| VERIZON WIRELESS HEALTH AND WELFARE BENEFITS PLAN, | § § § § | |
| Defendants. | § | |

# ~~PROPOSED~~ CASE MANAGEMENT PLAN

Plaintiff, Keesha Cooper, and Defendants, Metropolitan Life Insurance Company ("MetLife"), Verizon Wireless Health and Welfare Benefits Plan (the "Plan") pursuant to Local Rule 16.01, respectfully submit the following proposed Case Management Plan for the Court's approval.

### A. Status of Service of Process

The Plaintiff has served MetLife and the Plan.

### B. Basis of Jurisdiction.

This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132. Plaintiff is seeking the recovery of disability benefits that she claims are due under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

### C. Parties' Theories of the Case, Claims and Defenses.

1. Plaintiff's Theory:

On Plaintiff's first cause of action under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B):

Plaintiff claims that she is disabled under the terms of MetLife's long-term disability policy that is the subject of this litigation, that was provided to the Plaintiff through her employment at Verizon Wireless. Plaintiff was found disabled from her own occupation and entitled to benefits under the subject welfare benefits Plan's short-term disability provisions, but MetLife denied "own occupation" disability benefits under the LTD portion of the Plan. Plaintiff appealed the decision to deny her LTD benefits and exhausted her required administrative remedies, but MetLife denied her appeal. Plaintiff contends that the denial of benefits was wrong under a *de novo* standard of review and was arbitrary and capricious under a discretionary standard of review. Defendants' decision-making process did not provide the Plaintiff a full and fair review as required by 29 U.S.C. § 1133 and 29 C.F.R. 2560.503-1. The Defendant decision-makers were acting under a conflict of interest and allowed the conflict of interest to influence their decision-making.

The Plaintiff contends that the decision to deny benefits should be overturned under either the *de novo* standard of review, or reversed on the basis that the decision to deny benefits was arbitrary and capricious if the arbitrary and capricious standard of review is found to apply to the Defendants' decision-making.

2. Defendants' Theories:

The Defendants contend that the decision to deny the Plaintiff's claim for long term disability benefits was correct and was not arbitrary or capricious and that the decision was based

on the evidence contained in the administrative claim file before MetLife at the time it made its benefit determination. The Defendants assert that MetLife provided the Plaintiff with a full and fair review of her claim for benefits and deny that its benefit determination or review process was affected in any way by an alleged conflict of interest. Other than conclusory allegations, the Plaintiff has not identified any specific facts in the administrative claim file concerning how either of the Defendants denied her a full and fair review of her claim for benefits, or identified any procedural irregularity or explained how such alleged conflict of interest adversely affected the Defendants' review of her claim for benefits. The Defendants further deny that the Plaintiff is entitled to an award of benefits, interest, attorneys' fees or any other benefits, damages or relief whatsoever.

    **D.**    **Issues in the Case.**

        1.    Plaintiff asserts that the issues are:

            a.    Whether the Plaintiff is entitled to Long-Term Disability benefits.

            b.    Whether the Court's review of the decision should be reviewed under a *de novo* standard or a discretionary standard of review.

            c.    Whether the decision-maker acted under a conflict of interest when it made the decision to deny benefits.

        2.  Defendants assert that:

            a.    MetLife's determination that Plaintiff was not disabled was correct and was not arbitrary and capricious.

            b.    MetLife's denial of the Plaintiff's claim for benefits under the LTD Policy issued to the Plaintiff's former employer, Verizon Wireless, was not arbitrary and capricious.

c. Plaintiff is not entitled to recover any long term disability benefits, attorneys' fees and costs, or any other benefits or damages.

**E.      Other Pleadings and Deadlines for Filing.**

There appears to be no need for filing counterclaims, cross-claims, third-party claims, joinder and/or consideration of a class action.

**F.      Motions and other Deadlines for Filing.**

1.      Initial Disclosures. The parties agree that the service of the ERISA administrative record on the other parties will satisfy the requirements of service of initial disclosures as required by Rule 26(a) of the Federal Rules of Civil Procedure.

2.      Discovery Plan. The Parties jointly propose to the court the following discovery plan:

A. No party has served discovery at this time.

B. This is an ERISA action, and as such, the parties agree that the Court's review is generally limited to a review of the administrative record before the claim decision-maker at the time the decision to deny benefits was made.

Plaintiff acknowledges that the record is closed with respect to additional evidence of disability. However, Plaintiff contends that Sixth Circuit precedent leaves open the possibility of discovery and the court's consideration of evidence of bias or violation of due process on the part of the decision-maker. *Myers v. Prudential Ins. Co. of America*, 581 F.Supp.2d 904, 914 (E.D. Tenn. 2008) (allowing interrogatories and requests for production directed at conflict of interest); *Kinsler v. Lincoln National Life Ins. Co.*, 660 F.Supp.2d 830 (M.D. Tenn. 2009).

The Defendants contend that discovery is not permitted in this ERISA action except in very limited circumstances to address alleged procedural challenges to the administrator's decision, such as a conflict of interest, bias or other procedural irregularity. *Likas v. Life Ins. Co. of North America*, 2007 WL 738647 (6th Cir. March 12, 2007); *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 430-431 (6th Cir. 2006); *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609 (6th Cir. 1998); *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986 n. 5 (6th Cir. 1991).

C. To address these concerns, the Parties propose the following schedule with respect to discovery.

a. Defendants shall file the Administrative Record with the Court and serve a copy of same on Plaintiff no later than February 11, 2011. Should Plaintiff have any objection to the content of the filed Administrative Record, such objection shall be filed on or before April 22, 2011.

   b. Should Plaintiff seek to undertake any limited discovery as may be allowed in an ERISA action, the Plaintiff shall serve such proposed discovery so that it will be completed on or before April 22, 2011. Plaintiff's service of discovery shall not be considered a waiver by Defendants of the propriety of or acceptance of discovery, either generally or as to specific discovery requests.

   c. The Defendants shall (i) respond to the proposed discovery or (ii) notify Plaintiff in writing that Plaintiff is not entitled to conduct the proposed discovery or that all or a portion of the proposed discovery is outside the bounds of discovery permitted in a claim seeking the recovery of an ERISA benefit by no later than May 20, 2011.

   d. Should the parties be unable to agree as to any proposed discovery, Plaintiff shall file a motion requesting leave to serve the proposed discovery with the Court by no later than June 10, 2011.

 C. The Parties will endeavor to resolve any discovery disputes between themselves. No motions concerning discovery are to be filed until after the parties have conferred in good faith in an attempt to reach a resolution.

 D. Nothing in this discovery plan will be construed as a concession by Defendants that discovery is allowable in an ERISA benefits case.

3. Dispositive Motions.

A. This is a claim for ERISA benefits, and will thus ultimately be decided on the parties' respective dispositive motions. *Wilkins, supra*. If no discovery is served, the parties shall file their respective cross-motions for judgment on the ERISA administrative record on or before May 27, 2011. If discovery is served , the parties shall file their respective cross-motions for judgment on the ERISA administrative record within sixty (60) days after the later of the resolution of discovery motions or the close of discovery. Responses to the opposing party's cross-motion for judgment are due within thirty days of said motions being filed. Reply briefs will be permitted as in accordance with local rules.

B. Briefs shall not exceed <u>20 pages</u>. No motion for **partial** summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of the overall economy of time and expense for the parties, counsel and the court.

4. Other Items.

A. The Parties do not request a conference with the Court before entry of the scheduling order.

B. Settlement possibilities are unknown at this time. The parties do intend to explore the possibility of settlement in good faith.

C. There appears to be no need for any hearings before the case management judge.

D. There appears to be no need for subsequent case management conferences.

<mark>SO ORDERED.</mark>

Respectfully submitted,

_____
U.S. District Judge

| /s/ *Jeremy L. Bordelon* | /s/ John M. Scannapieco |
|---|---|
| Eric L. Buchanan (#018568) | John M. Scannapieco |
| R. Scott Wilson (#019661) | Tenn. Reg. No. 14473 |
| Jeremy L. Bordelon (#028181) | Bradley Arant Boult Cummings, LLP |
| Eric Buchanan & Associates | 1600 Division Street |
| 414 McCallie Avenue | Suite 700 |
| Chattanooga, TN 37402 | Nashville, TN 37203 |
| (423) 634-2506 | (615) 252-2352 |
| | jscannapieco@babc.com |
| *Attorneys for the Plaintiff* | *Attorneys for the Defendants* |

### CERTIFICATE OF SERVICE

I hereby certify that on 6th day of January, 2011, a copy of the foregoing Proposed Case Management Plan was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

**John M. Scannapieco**
Bradley Arant Boult Cummings LLP
1600 Division Street
Suite 700
Nashville, TN 37203-0025
(615) 244-2582

BY: *s/Jeremy L. Bordelon*
Jeremy L. Bordelon